# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREE LAZOR, | Case No. 1:13-cv-01010-LJO-MJS (PC) |
| | **FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PAYMENT OF FILING FEE IN FULL WITHIN TWENTY-ONE DAYS** |
| Plaintiff, | |
| v. | |
| | |
| CONNIE GIPSON, et al., | **(ECF No. 11)** |
| Defendants. | **FOURTEEN-DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in a civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's application to proceed in forma pauperis. (ECF No. 11.) For this case and, for the reasons discussed below, the undersigned recommends that Plaintiff not be permitted to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and that he be required to pay the $400 filing fee in full within twenty-one days of adoption of these findings and recommendations.

## I.    LEGAL STANDARD

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**II.    ANALYSIS**

The Court begins its analysis by taking judicial notice of two other cases initiated by Plaintiff in which he was found to be subject to 28 U.S.C. §  1915(g): Lazor v. Hedgpeth, 1:07-cv-00410-OWW-SMS PC, (E.D. Cal. 2007), and Lazor v. McCluskey, 1:97-cv-06007-REC-DLB PC, (E.D. Cal. 2003). In those cases the Court noticed eleven other district court cases filed by Plaintiff that qualified as strikes. These included: (1) Lazor v. Jakobosky, 2:94-cv-00421-LKK-GGH PC, (E.D. Cal. 1995), (2) Lazor v. White, 2:94-cv-00476-LKK-JFM PC, (E.D. Cal. 1994), and (3) Lazor v. Church, 2:94-cv-00629-GEB-GGH PC, (E.D. Cal. 1995).

Review of these actions shows Plaintiff is subject to 28 U.S.C. § 1915(g) and precluded from proceeding in forma pauperis unless he shows that he was under imminent danger of serious physical harm. The determination of imminent danger is made based on the conditions at the time the complaint was filed, and its allegation must be plausible. Andrews v. Cervantes, 493 F.3d 1047, 1053-55 (9th Cir. 2007).

Plaintiff complains he is under imminent danger of physical harm at Corcoran State Prison because: he suffers from unspecified respiratory disease and hyper-sensitivity to environmental chemicals, the ventilation system in his cell triggers a reaction which causes chronic cough, and the cough damages his throat and voice and agitates cellmates so they want to attack him. (ECF No. 1.)

The Court cannot conclude that Plaintiff was under imminent danger of serious physical injury at the time he filed his complaint. Plaintiff provides no information to suggest his fears of throat and voice injury and attack by inmates are based on anything more than paranoia and speculation. Nothing in the materials filed to date corroborate such fears or the fact that he has a diagnosed medical condition in need of treatment or accommodation.

His conjecture and surmise are not bases for an imminent danger finding. See Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (conclusory assertions insufficient to show imminent serious physical injury).

In short, Plaintiff does not meet the imminent danger exception. See Childs v. Miller, 713 F.3d 1262, 1267 (10th Cir. 2013) (specific and credible allegations of imminent danger of serious physical injury are required); Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (the threat or prison condition must be real and proximate). Plaintiff may not proceed in forma pauperis and should be required to submit the appropriate filing fee in order to proceed with this action.

## III.     CONCLUSIONS AND RECOMMENDATIONS

Plaintiff is subject to 28 U.S.C. § 1915(g), is not under imminent danger of serious physical injury, and should be required to pay the $400 filing fee in full.

The undersigned recommends that:

1.     Plaintiff's application to proceed in forma pauperis (ECF No. 11) be denied,

2.     Plaintiff be required to pay the $400 filing fee in full within twenty-one days of adoption of these findings and recommendations, and

3.     If Plaintiff fails to pay the $400 filing fee in full within twenty-one days of adoption of this order, this action be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within

/////

/////

/////

3

1   the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>,

2   951 F.2d 1153 (9th Cir. 1991).

3

4

5

6   IT IS SO ORDERED.

7       Dated:   <u>November 12, 2013</u>        <u>/s/ *Michael J. Seng*</u>

8                                         UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28