# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREE LAZOR,<br><br>   Plaintiff,<br><br>   v.<br><br>CONNIE GIPSON, et al.,<br><br>   Defendants. | Case No. 1:13-cv-01010-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISMISSAL FOR FAILURE TO PAY FILING FEE**<br><br>**(ECF No. 21)** |

Plaintiff is a state prisoner pro se in a civil rights action filed pursuant to 42 U.S.C. § 1983. The Court denied Plaintiff's application to proceed in forma pauperis, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), and ordered payment of the filing fee by not later than December 31, 2013. (ECF No. 16.) On January 3, 2014, the Court dismissed the action without prejudice because Plaintiff did not pay the filing fee. (ECF No. 19.) Judgment was entered thereon. (ECF No. 20.)

Before the Court is Plaintiff's motion seeking reconsideration of the dismissal order and entry of judgment. (ECF No. 21.)

## I.   LEGAL STANDARD

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other

1

grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

## II. ANALYSIS

Plaintiff asserts Defendants should be directed to pay the fee for him because they have stolen his substantial assets. He also asserts present threat of harm from cellmates. These arguments are unavailing on reconsideration.

Plaintiff has not paid the filing fee in this action. Nothing in his instant motion suggests his intention and ability to pay the fee.

Plaintiff has not stated facts suggesting an exception to the three strikes rule. He asserts he is under present threat of harm from cellmates. However, the imminent danger exception of 28 U.S.C. § 1915(g) only applies to imminent danger existing at the time the complaint is filed. Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007).

Furthermore, Plaintiff does not show imminent danger as he concedes the threatening cellmate is no longer housed with him. See Childs v. Miller, 713 F.3d 1262, 1267 (10th Cir. 2013) (specific and credible allegations of imminent danger of serious physical injury are required); Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (the threat or prison condition must be real and proximate).

In sum, Plaintiff does not identify any error of law or fact in the Court's previous order.

## III. ORDER

For the reasons stated above, it is HEREBY ORDERED that Plaintiff's motion seeking reconsideration of the dismissal order and entry of judgment (ECF No. 21) is DENIED.

IT IS SO ORDERED.

Dated: **January 10, 2014**        /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE